Ali v. New York City Environmental Control Board

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand sixteen.

PRESENT:
>  PETER W. HALL,
>  DEBRA ANN LIVINGSTON,
>   *Circuit Judges,*
>  NICHOLAS G. GARAUFIS,*
>   *District Judge.*

————————————————————————

Akhtar Ali,

>   *Plaintiff-Appellant*,

> v.                                                          15-4033

New York City Environmental Control Board,
New York City Department of Buildings, New
York City Housing Preservation and Development
Division of Code Enforcement, New York City
Office of the Mayor,

>   *Defendants-Appellees*.

————————————————————————

FOR APPELLANT:                  AKHTAR ALI, pro se, Ozone Park, NY.

———————————

* Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLEES:**                   JONATHAN A. POPOLOW, *for* Zachary W. Carter, Corporation Counsel for the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Akhtar Ali, proceeding pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction, based on its determination that Ali lacked standing to sue various New York City entities for the closure of a building that he leased from a limited liability company. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal for lack of standing; where standing is challenged based on the pleadings, we accept the complaint's material allegations as true and construe the complaint in the complaining party's favor. *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 357 (2d Cir. 2016). When determining standing, a district court may consider evidence outside the pleadings. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). The plaintiff bears the burden of alleging facts that establish standing. *Id*.

Standing is determined based on the litigant's position at the time he filed the complaint. *See Amnesty Int'l USA v. Clapper*, 667 F.3d 163, 176-77 (2d Cir. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992)). "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (internal quotation marks and brackets omitted). An individual lacks standing to sue when the alleged injury is based on an

injury to a corporate entity. *See Bingham v. Zolt*, 66 F.3d 553, 561-62 (2d Cir. 1995) (observing that when the claim was that corporate property had been improperly taken, it was the corporation—having an independent legal identity—that had standing to sue).

Here, the district court correctly determined that Ali lacked standing. Mohammedi Property Management, LLC ("Mohammedi Property") owned the building, and Ali could not sue based on injuries stemming from the City's issuance of allegedly improper municipal code violation notices to Mohammedi Property. *See id.* Contrary to Ali's assertion, an LLC and its owner or members are not interchangeable for the purposes of standing. *See id.* Additionally, because the question of standing turns on Ali's position at the time he filed the complaint, the lease agreement that was executed after Ali filed his complaint could not confer standing on him. *See Amnesty Int'l USA*, 667 F.3d at 177.

We have considered Ali's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3